# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

DAVID E. FALCON,             )
                                 )
        Plaintiff         )
                                 )
       v.               )    **Case No.:**
                                 )
NCO FINANCIAL SYSTEMS, INC.,   )    **COMPLAINT AND DEMAND FOR**
                                 )    **JURY TRIAL**
        Defendant      )
                                 )    **(Unlawful Debt Collection Practices)**

## COMPLAINT

DAVID E. FALCON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§1788-1788.32 ("RFDCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy"; 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States; and 28 U.S.C. §1367,

which grants this court supplemental jurisdiction over state law claims because those claims are related to Plaintiff's federal claims and arise out of the same nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.

3.     Defendant conducts business and has an office in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391.

5.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.     Plaintiff is a natural person residing in Yorba Linda, California, 92886.

7.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

9.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse,

2

and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

3

PLAINTIFF'S COMPLAINT

14.   Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.   The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.   At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

16.   At all relevant times, Defendant conducted business within the State of California.

17.   Defendant is a third party debt collector as envisioned by the California legislature pursuant to Cal. Civ. Code §1812.700(a).

18.   Plaintiff is alleged to have incurred certain financial obligations.

19.   These financial obligations were primarily for person, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20.   These financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21.   Beginning in or around August 2010 and continuing through October 2010, Defendant engaged in debt collection activities seeking payment from Plaintiff.

22.   Defendant harassed Plaintiff by making continuous calls to his home and cellular

4

PLAINTIFF'S COMPLAINT

telephone numbers.

23.    Plaintiff received phone calls and voicemail messages from Defendant on a number of occasions from the following phone numbers: (310) 862-9032 and (714) 364-4421, which the undersigned has confirmed are phone numbers belonging to Defendant.

24.    Defendant placed repeated calls to Plaintiff's telephone almost every day, causing Plaintiff to receive, on average, more than two (2) collection calls a day, and at times, more than four (4) collection calls a day.

25.    Defendant repeated calls to Plaintiff's home and cellular telephones caused Plaintiff to receive, on average, more than ten (10) collection calls a week and, at times, more than twenty (20) collection calls a month.

26.    Within five (5) days after the initial communication with Plaintiff back in August 2010, Defendant failed to send written notification to Plaintiff advising him of his rights to dispute the debt and/or request verification of the debt,

27.    Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

28.    The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

5

29.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

30.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31.   In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.   Defendant violated of the FDCPA generally;

    b.   Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c.   Defendant violated §1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

    d.   Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

    e.   Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt;

    f.   Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### §§ 1788-1788.32 (RFDCPA)

32.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.   The Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code

§§1788-1788.32, prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts. See Cal. Civil Code § 1788.1(b).

34.     Plaintiff avers that Defendant performed debt collection activities in an attempt to collect a debt allegedly owed to it.

35.     In those instances where Defendant preformed debt collection activities, Defendant's conduct violated the RFDCPA.

36.     Plaintiff is a "person" as that term is defined in Cal. Civ. Code § 1788.2(g).

37.     Plaintiff is a "debtor" as that term is defined in Cal. Civ. Code § 1788.2(h).

38.     Defendant is a "debt collector" as that term is defined in Cal. Civ. Code § 1788.2(c).

39.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

        a.   Causing Plaintiff's telephone to ring repeatedly in connection with the collection of a debt in violation of Cal. Civ. Code § 1788.11(d);

        b.   Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances in violation of Cal. Civ. Code § 1788.11(e);

40.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

WHEREFORE, Plaintiff, DAVID E. FALCON, respectfully prays for a judgment as follows:

  a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c.  Statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b);

  d.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and California Civil Code§ 1788.30(c); and

  e.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAVID E. FALCON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

PLAINTIFF'S COMPLAINT

1    DATED:  06|17|11                     KIMMEL & SILVERMAN, P.C.

2

3                                    By: _____
                                         Craig Thor Kimmel
4                                        Attorney ID # 57100
                                         Kimmel & Silverman, P.C.
5                                        30 E. Butler Pike
                                         Ambler, PA 19002
6                                        Phone: (215) 540-8888
                                         Fax: (877) 788-2864
7                                        Email: kimmel@creditlaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S COMPLAINT